# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORDELL GINES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-681-MJR |
| | ) |
| **RITA K. PETERSON,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Cordell Gines, currently an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

The sole defendant in this action is Rita Peterson, an Illinois state appellate defender who was appointed to represent Gines in a post-conviction proceeding. Gines alleges that Peterson conspired with the appellate prosecutor and the appellate court judges, such that he was not afforded proper representation when challenging his conviction and sentence.

In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a court-appointed attorney, even if employed by the state, may not be sued under 42 U.S.C. § 1983 for legal malpractice, because such an attorney does not act "under color of state law." *Id.* at 324-25. *See also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995). Gines's malpractice claim against Peterson is therefore legally frivolous as a federal civil rights claim. Legal malpractice claims belong in state court; this Court expresses no opinion on the merits of such a claim.

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice, and the motion for appointment of counsel is **MOOT**. Gines is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 11th day of May, 2009.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**